# UNITED STATES DISRICT COURT
# DISTRICT OF MINNESOTA

Toby L. Depoister,

                  Petitioner,

v.

Warden B. Birkholz,

                  Respondent.

Civ. No. 21–684 (ECT/BRT)

**REPORT AND RECOMMENDATION**

Toby L. Depoister, *pro se* Petitioner.

Kristen E. Rau, Esq., United States Attorney's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

## BACKGROUND

Petitioner Toby L. Depoister was sentenced by the United States District Court for the Southern District of Illinois to 60 months' imprisonment followed by a term of 3 years' supervised release on a conviction of one count of conspiracy to distribute and possession with intent to distribute alpha-pyrrolidinopentiophenone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. (Doc. No. 8, Decl. of Shannon Boldt ¶ 4, Ex. A.) Depoister is presently incarcerated at FPC–Duluth. (Doc. No. 1, Pet. at 1.)[1] Depoister has a projected release date of July 11, 2022, via early release. (Pet. at 2; Boldt Decl. ¶ 4.)

---

[1] The Court cites to ECF pagination.

Depoister brings a Section 2241 habeas petition challenging the computation and application of time credits pursuant to the First Step Act. Specifically, Depoister asserts he should be immediately awarded 154 days of time credits towards his sentence given his participation in programming and employment while incarcerated. (Pet. at 6.) Depoister asserts that application of these 154 earned time credits, plus time credits he anticipates earning in the near future, would move up his release date to August 25, 2021. (*Id.* at 6–7.)

Depoister presented his claim to prison officials starting January 3, 2021. (*Id.* at 11; Doc. No. 1-1 at 14–20; Boldt Decl. ¶ 14, Ex. C.) Depoister first submitted a BP-A0148 Inmate Request to Staff, who directed Depoister to his case manager. (Doc. No. 1-1 at 14.) Depoister did that, submitting an informal resolution form. (Doc. No. 1-1 at 15–16; Doc. No. 8-3 at 5.) Depoister then submitted a request to the Warden. (Doc. No. 1-1 at 17; Doc. No. 8-3 at 4.) The Warden responded on February 1, 2021 with a "for informational purposes only" response. (Doc. No. 1-1 at 18; Doc. No. 8-3 at 3.) Depoister appealed to the Regional Director on February 4, 2021. (Doc. No. 1-1 at 19; Doc. No. 8-3 at 2.) The Regional Director responded on February 17, 2021, with essentially the same language as the Warden in another "for informational purposes only" response. (Doc. No. 8-3 at 1.) After an appeal to the Central Office, Depoister received a response dated April 20, 2021, that said, "[t]he Bureau of Prisons is currently in the process of

implementing steps to comply with [the First Step Act] legislation," and that "[a]ccordingly, this response is for informational purposes only." (Doc. No. 14.)[2]

## ANALYSIS

On December 21, 2018, the First Step Act was signed into law. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act provides that, "[n]ot later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system." 18 U.S.C. § 3632(a). The Attorney General released the risk and needs assessment system on July 19, 2019. Press Release 19-784, U.S. Dep't of Justice, Department of Justice Announces the Release of 3,100 Inmates Under First Step Act, Publishes Risk and Needs Assessment System, *available at* https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and (last accessed June 8, 2021). The BOP then had 180 days after the Attorney General completed and released the system to implement and complete the initial needs assessment for each prisoner. 18 U.S.C. § 3621(h). Thus, the deadline was January 15, 2020. Press Release 20-37, U.S. Dep't of Justice, Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation, *available at* https://www.justice.gov/opa/pr/department-justice-

---

[2]   Petitioner submitted this response as an exhibit along with the filing of his Reply. Even though the response was received in April 2021, after the filing of Petitioner's habeas petition, this Court assumes for the purposes of this ruling that exhaustion requirements have now been met.

announces-enhancements-risk-assessment-system-and-updates-first-step-act (last accessed June 8, 2021). The First Step Act then gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation. 18 U.S.C. § 3261(h)(2)(A). This two-year phase-in date has not expired and will not expire until January 15, 2022.

    Because the First Step Act does not mandate actual implementation until January 2022, Depoister is not entitled to the relief he seeks. *See Jones v. Hendrix*, No. 2:20-CV-00247-ERE, 2021 WL 2402196, at *4 (E.D. Ark. June 11, 2021) (finding petitioner's request premature because "[a]lthough the BOP could, in its discretion, apply earned time credits before January 15, 2022, the [First Step Act] does not compel the BOP to do so"); *Holt v. Warden*, No. 4:20-CV-04064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) ("Although the BOP is evading the spirit of a phase-in of FSA earned time credits, the language Congress chose gives the BOP discretion to determine whether to implement the incentives component during the phase-in period. Consequently, this Court concludes § 3621(h)(4) makes implementation of the FSA earned time credits permissible during the two-year phase-in period, not mandatory."); *Fleming v. Joseph*, No. 3:20cv5990-LC-HTC, 2021 WL 1669361, at *4–*6 (N.D. Fla. Apr. 7, 2021), *report and recommendation adopted by* 2021 WL 1664372 (N.D. Fla. Apr. 28, 2021); *Kennedy-Robey v. FCI Pekin*, No. 20-cv-1371, 2021 WL 797516, at *3 (C.D. Ill. Mar. 2, 2021) (concluding "the statute makes implementation permissive during the System's phase-in period, not mandatory"); *Llewlyn v. Johns*, No. 5:20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *report and recommendation adopted by* 2021 WL 307289 (S.D. Ga.

Jan. 29, 2021). Indeed, the "overwhelming majority of courts to have considered this issue" have concluded likewise. *Cohen v. United States*, No. 20-cv-10833 (JGK), 2021 WL 1549917, at *3 (S.D.N.Y. Apr. 20, 2021) (collecting cases).

Depoister cites a single case to argue otherwise. *Goodman v. Ortiz*, No. 20-cv-7582 (RMB), 2020 WL 5015613, at *1 (D.N.J. Aug. 25, 2020). In *Goodman*, there was no dispute that Petitioner had earned time credits. *Id.* at *2. Petitioner there merely sought immediate application of those benefits. *Id.* Referring to the phase-in period, the *Goodman* court noted: "Thus, while the statute does not explicitly provide a date when the BOP *must* apply a prisoner's earned credits from participation in recidivism reduction programs, it does require a 2-year phase-in, not only of participation in the programs, but of incentives for participation in the programs." *Id.* at *6 (emphasis in original). Accordingly, the court found "no evidence in the statutory framework for delaying application of incentives earned by all prisoners during the phase-in program until January 15, 2022, the final date when BOP must complete the phase-in with respect to 'all prisoners.'" *Id.* (citing 18 U.S.C. § 3621(h)(2)(A)). With this phase-in and rapidly-approaching release date of Petitioner, the *Goodman* court granted habeas relief and ordered the BOP to immediately apply Petitioner's earned time credits. *Id.*

This Court could find no other court that has followed the reasoning of the *Goodman* court save for the exact same court's later decisions.[3] The facts in *Goodman*

---

[3] *Hare v. Ortiz*, No. 20-cv-14093 (RMB), 2021 WL 391280 (D.N.J. Feb. 4, 2021) (following *Goodman* to hold that Petitioner is entitled to time credits, but finding the record incomplete to calculate the total number of time credits earned); *Gare v. Ortiz*, No. 20-cv-16416 (RMB), 2021 WL 571600, at *4 (D.N.J. Feb. 16, 2021) (same). The

make it easily distinguishable. The parties did not dispute that Goodman had earned time credits and he was eligible to receive them. But here, Depoister and the Government are worlds apart on the time credits Depoister has earned. Depoister asserts he has earned or will earn about 314 days of time credits. The Government, on the other hand, says Depoister may be eligible for as little as 2 days of time credits based on the 50 hours of programming successfully completed. Other courts have agreed that this is sufficient to distinguish *Goodman*. *Bradley v. Spaulding*, No. 3:20-cv-2294, 2021 WL 1964598, at *2 (M.D. Pa. May 17, 2021) ("*Goodman* is inapplicable to Petitioner's circumstance because the parties dispute whether Petitioner has successfully completed programs that he would be eligible for additional time credits under the First Step Act. Thus, the issue here is not one only involving statutory construction."); *Monteiro v. Spaulding*, No. 1:20-cv-2116, 2021 WL 1721571, at *3 (M.D. Pa. Apr. 30, 2021) (parties disputed whether petitioner had successfully completed the RDAP program such that he would be eligible for additional time credits under the First Step Act).

In sum, he has no ripe claim to pursue with respect to earned time credits and his habeas petition must be dismissed.[4]

---

court ultimately denied Hare habeas relief when evidence was submitted. *Hare v. Ortiz*, No. 20-cv-14093 (RMB), 2021 WL 1346253 (D.N.J. Apr. 12, 2021).

[4] Because this Court concludes that Petitioner's habeas petition should be dismissed for this reason, this Court need not address the other arguments raised in Respondent's Response (Doc. No. 7), or in Petitioner's Reply. (Doc. No. 13.)

## RECOMMENDATION

Based on all the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Toby L. Depoister's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (**Doc. No. 1**) be **DENIED**.

Date: July 8, 2021

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).