UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Toby L. Depoister,　　　　　　　　　　　　　　　　File No. 21-cv-684 (ECT/BRT)

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Warden B. Birkholz,

　　　　　Respondent.

---

　　　Petitioner Toby L. Depoister has filed a Petition under 28 U.S.C. § 2241.[1] ECF No. 1. Depoister challenges the Warden's refusal to apply time credits under the First Step Act. Depoister claims entitlement to 154 days of time credits for participation in programming and employment, adding that he'll soon be entitled to more credits for more programming he plans to complete. *Id.* at 6–7. Application of the credits he has earned

---

[1] A prisoner seeking a writ of habeas corpus under § 2241 must first exhaust his remedies under the BOP's administrative remedy program, 28 C.F.R. §§ 542.10–19. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Depoister did not fully exhaust his administrative remedies before filing his petition. He has since done so by appealing the Warden's decision with the Office of General Counsel and receiving a response from the Central Office in April 2021. ECF No. 14. Though exhaustion is a "prerequisite" to filing a § 2241 petition—*i.e.*, exhaustion must generally be accomplished before a petition is filed—it is judicially created and may be flexibly applied. *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). Because Depoister has effectively cured his failure to exhaust his administrative remedies, the Petition will be reviewed on its merits. *See, e.g.*, *White v. English*, No. 12-cv-527 (MJD/JJK), 2012 WL 3848463, at *3 (D. Minn. July 9, 2012), *report and recommendation adopted*, 2012 WL 3854967 (D. Minn. Sept. 5, 2012); *Esters v. Jett*, No. 09-cv-1667 (MJD/AJB), 2009 WL 3417900, at *3 (D. Minn. Oct. 21, 2009).

and plans to earn, says Depoister, would move his release date to August 25, 2021. *Id.* at 7.

Magistrate Judge Becky R. Thorson has issued a Report and Recommendation that recommends denying the Petition. ECF No. 15 ("R&R"). Magistrate Judge Thorson concluded that Depoister's claims are unripe because, under the First Step Act's two-year "phase-in" period for implementing a risk and needs assessment system, the BOP is not required to award Depoister the time credits he seeks until January 15, 2022.[2] *Id.* at 3–5. Depoister has objected to the R&R, ECF No. 16, and its conclusions are therefore reviewed de novo under 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Having undertaken that de novo review, the Court has concluded that Magistrate Judge Thorson's analysis and conclusions are correct.

In his objections, Depoister contends he has successfully participated in evidence-based recidivism reduction programs and productive activities under 18 U.S.C. § 3621(h)(4). Under his reading, the First Step Act's two-year phase-in period does not apply to application of time credits for participation in those programs. Depoister asserts that § 3621(h)(4) afforded the BOP discretion to award time credits only until July 19, 2019. On that date, he says, "§ 3632 became effective and demanded application of time credits by use of the word 'shall.'" ECF No. 16 at 6. The Government has filed a

---

[2]   In its response to the Petition, the Government also disputed Depoister's eligibility for early release and his calculation of time credits under the First Step Act. The Government asserted that Depoister's "PATTERN score" makes him ineligible to apply time credits toward his prerelease custody and that, even if he were eligible, Depoister had earned only about two days of time credits. ECF No. 7 at 29–31.

short response requesting that the R&R be "adopted in its entirety for the reasons stated therein." ECF No. 17 at 2.

Depoister's objections challenge Magistrate Judge Thorson's interpretation of the First Step Act's relevant provisions. When interpreting a statute, "[it] is well established that [the court] commence[s] . . . with the statute's plain language. Where the language is plain, [the court] need inquire no further." *United States v. Cacioppo*, 460 F.3d 1012, 1016 (8th Cir. 2006) (citations omitted). Individual words are not read "in isolation, but . . . in the context in which they are used and in the context of the statute as a whole." *Clark v. U.S. Dep't of Ag.*, 537 F.3d 934, 940 (8th Cir. 2008).

Congress enacted the First Step Act on December 21, 2018. The Act required the Attorney General to establish a "risk and needs assessment system" that, among other things, would offer "evidence-based recidivism reduction programs or productive activities" to prisoners. 18 U.S.C. § 3632(a). Eligible prisoners who successfully participate in this programming can earn certain rewards, including time credits to "be applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(A), (C). The Act's enactment, however, was only the first step. The risk and needs assessment system was to be gradually developed and implemented. As one court aptly summarized:

> First, not later than 210 days after enactment, the Attorney General was required to develop and publicly release a risk and needs assessment system [], which would be used to determine the recidivism risk of each prisoner and determine the type and amount of evidence-based recidivism reduction programming that is appropriate for each prisoner based on the prisoner's criminogenic needs. *Id.* § 3632(a). Then, within 180 days of the release of the System—that is, by January 15, 2020—the BOP was required to implement and complete the initial risk and needs assessment for each prisoner. *Id.* § 3621(h)(1). Thereafter, the Act provided for what it termed

3

> a "[p]hase-in," in which the BOP was directed [to] "provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner." *Id.* § 3621(h)(2)(A).

*Cohen v. United States*, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *2 (S.D.N.Y. Apr. 20, 2021). Thus, under the Act's two-year phase-in period, the BOP was given no later than "January 15, 2022 to provide evidence-based recidivism reduction programs and productive activities to all prisoners."³ *Jones v. Hendrix*, No. 2:20-CV-247-ERE, 2021 WL 2402196, at *3 (E.D. Ark. June 11, 2021). Still, the Act contemplates that the BOP will begin offering these programs to prisoners sooner than that. "During" the phase-in period, for example, the Act requires that "priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3).

Relevant here, the Act also authorizes a "[p]reliminary expansion of evidence-based recidivism reduction programs and authority to use incentives" as part of the risk and needs assessment system. 18 U.S.C. § 3621(h)(4). As part of expanding existing programs, Congress vested the BOP with discretion to begin offering the First Step Act's incentives—

---

³ Technically, the BOP's "[completion of] a risk and needs assessment for each prisoner" seems to trigger the Act's two-year phase-in period. 18 U.S.C. § 3621(h)(1). It's not clear if the BOP completed the assessments on January 15, 2020, or earlier than that. *See* ECF No. 8 at 5 (attesting that "[a]s of January 15, 2020, the Bureau of Prisons completed the risk and needs assessment on each prisoner"). We know that in January 2020, the Department of Justice "anticipate[d] completing all risk assessments by the January 2020 statutory deadline." U.S. Dep't of Justice, The First Step Act of 2018: Risk and Needs Assessment System – UPDATE (2020), at 26, *available at* https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf. Whatever the exact date, the assessments were completed not sooner than January 2020 but before the January 15 deadline.

including time credits—during the phase-in period.  The Act states that "[b]eginning on the date of enactment," the BOP "may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D."  *Id.*  Subchapter D, in turn, provides for the time credits that Depoister seeks to apply.  *See id.* § 3632(d)(4).

Magistrate Judge Thorson, following nearly every court to have considered the issue, correctly concluded that "[b]ecause the First Step Act does not mandate actual implementation until January 2022, Depoister is not entitled to the relief he seeks."  R&R at 4.  Congress's use of the word "may" in § 3621(h)(4) reinforces this conclusion.  "The word 'may,' when used in a statute, usually implies some degree of discretion."  *United States v. Rodgers*, 461 U.S. 677, 706 (1983); *e.g.*, *L.B. by and through Buschman v. Jefferson City Sch. Dist.*, 833 F. App'x 40, 41–42 (8th Cir. 2021); *Braswell v. City of El Dorado*, 187 F.3d 954, 958 (8th Cir. 1999).  Though this presumption "can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute," *Rodgers*, 461 U.S. at 706, there is no basis to override the Act's unambiguous text here.  To the contrary, when Congress intended to mandate action as part of the development and implementation of the risk and needs assessment system, it did so clearly (and often) by using the word "shall."  This "contraposition" makes understanding the word "may" to connote discretion "particularly apt."  *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005).  Thus, "[i]f immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4)."  *Kennedy-Robey v. FCI-Pekin*, No. 20-cv-1371, 2021 WL 797516, at *4 (C.D. Ill. Mar. 2,

5

2021); *Jones*, 2021 WL 2402196, at *3 (same); *Holt v. Warden*, __ F. Supp. __, 4:20-CV-04064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (same). Nor does the Act's contemplation that the risk and needs assessment be "phased in," like one court has found, necessarily mean that time credits will be *applied* during the phase-in period. *See Goodman v. Ortiz*, No. 1:20-CV-7582, 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020). "While it is true that the statute requires a phase-in, . . . the statute requires various activities during the phase-in period, but pointedly does not require the BOP to [begin] to assign [time credits] during the phase-in period." *Cohen*, 2021 WL 1549917, at *3; *see Diaz v. Warden*, 9:21-CV-738 (GTS/ATB), 2021 WL 3032694, at *2–3 (N.D.N.Y. July 19, 2021) (same).

Depoister argues that the phase-in paragraph "carr[ies] out paragraph (h)(1)" of § 3621, but that it does not apply to paragraph (h)(4). ECF No. 16 at 4–5. But paragraph (h)(4), by its own terms, confers discretion by use of the word "may." Relatedly, Depoister contends that Congress's use of the word "shall" in § 3632(d)(4) shows that time-credit application became mandatory within "210 days of enactment." ECF No. 16 at 3–4. To be sure, the Act's time-credit provision states that eligible prisoners "who successfully complete[] evidence-based recidivism reduction programming or productive activities[] *shall* earn time credits." 18 U.S.C. § 3632(d)(4) (emphasis added). Yet, as discussed already, the Act does not require implementation of the risk and needs assessment system until January 2022, and the credits Depoister seeks to apply "*may* be offered" in the interim. Finally, Depoister argues that the phrases "shall earn time credits" and "[n]ot later than 210 days after the date of enactment" in § 3632 would be rendered mere surplusage by

6

interpreting time-credit application to be discretionary until January 2022. ECF No. 16 at 7–8. Not so. Within 210 days of enactment, the Act required the Attorney General and the First Step Act's Independent Review Committee to "develop and release publicly on the Department of Justice website a risk and needs assessment system" that accomplished certain goals set forth in the statute. *Id.* § 3632(a). Thus, construing the application of time credits as discretionary until January 2022 does not nullify the phrase "[n]ot later than 210 days of enactment" because that phrase serves a clear and independent function. Nor would the R&R's construction nullify the word "shall." On expiration of the phase-in period, implementation is mandatory, the BOP's discretion extinguishes, and an eligible prisoner "shall" then earn time credits for successful participation in evidence-based recidivism reduction programming or productive activities. *Id.* § 3632(d)(4).

Because the First Step Act leaves the BOP discretion to apply earned time credits until expiration of the First Act's two-year phase-in period, Depoister's Petition is premature. As a result, Depoister's objections will be overruled and his Petition denied without prejudice.

Therefore, based on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Petitioner Toby L. Depoister's Objections to Report and Recommendations [ECF No. 16] are **OVERRULED**.

2. The Report and Recommendation [ECF No. 15] is **ACCEPTED**.

3.     The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is **DENIED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  August 9, 2021                            s/ Eric C. Tostrud
                                                 Eric C. Tostrud
                                                 United States District Court